UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARL GOODE,

                              Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT, and
JOHN DOE POLICE OFFICERS A-F, the
name "Doe" being fictitious and intended to
represent those police officers involved in the
use of excessive force used during the arrest
plaintiff,,

                              Defendants.

BCM-1469

**DEFENDANTS' REQUEST TO CHARGE**

**CV06-5621 (FB)(AKT)**

      Defendants, County of Suffolk and Suffolk County Police Officers Christopher Costa and Thomas Simonetti, by counsel, hereby submit the following Request to Charge:

**Elements of a Section 1983 Claim**

      The law which will apply to the plaintiff's claim is Title 42, Section 1983 of the United States Code, which says, in pertinent part that:

> "Every person who, under color of any
> statute, ordinance, regulation, custom,
> or usage of any State subjects . . .
> any [one] . . . to the deprivation of
> any rights, privileges, or immunities
> secured by the Constitution and laws,
> shall be liable to the party injured
> . . ."

1

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

(1) That the conduct complained of was committed by persons acting under color of state law;

(2) That this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

(3) That the defendants' acts were the proximate cause of the injuries and consequent damages sustained by plaintiff.[1]

The first element of the plaintiff's claim is that the defendant acted under color of state law. The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia). The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency. Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.[2]

In this action, the parties do not dispute that the defendant acted in their capacity as employees of Suffolk County. Therefore, you need not consider this element.

The second element of plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, he must establish three things by a preponderance of the evidence: First, that the defendants committed the act alleged by plaintiff; Second, that that act caused the plaintiff to suffer the loss of a federal right[3]; and Third, that in performing the acts alleged, the defendants acted intentionally or recklessly[4].

The third element plaintiff must prove is that the defendants' acts were the proximate cause of his injuries. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of a

defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant which deprived the plaintiff of a federal right. Thus, if you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred anyway even in the absence of such conduct, you must find that the defendant did not proximately cause plaintiff's injury, and must therefore find for the defendants.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. The conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of injury which intervenes between the defendant's act or omission and the plaintiff's injury, and which produces a result which was not reasonably foreseeable by the defendants[5].

## Defendant's State of Mind Under Section 1983

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants[6].

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether a defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts[7].

An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts[8].

## **Excessive Force**

In order to prove a claim of excessive force under the federal statute, plaintiff must prove, by a preponderance of the evidence, three basic elements;

First:  That Detective Ronald Leli and/or Detective Thomas Wisley knowingly used excessive force against plaintiff.

Second:  That Detective Ronald Leli's and/or Detective Thomas Wisley's conduct constituted excessive force, as I shall define that term for you;  and

Third:  That Detective Ronald Leli and/or Detective Thomas Wisley was the proximate cause of injury and consequent damage to the plaintiff.

I have already explained what it means to say that a person acted knowingly and for injury to be proximately caused by a person's actions.

The second element is that Detective Ronald Leli and/or Detective Thomas Wisley used excessive force against the plaintiff.  The plaintiff claims in this case that excessive force was used against him by Det. Leli and/or Det. Wisley.  A person has a constitutional right to be free of excessive force.  However, an officer is entitled to use such force as a reasonable officer at the scene would think is required to take one arrested into custody or keep him in custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer or attempting to destroy or remove evidence.  However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose.  Nor may he use force solely as a way of punishment or for any other impermissible reason.  Thus, if you find that Detective Leli and/or Detective Wisely used greater force than was reasonably necessary in the circumstances of this case, you must find that they are liable for a violation of the plaintiff's

constitutional rights. If no greater force than reasonably necessary was used, you should find for Detective Leli and/or Detective Wisley.

In respect to excessive force, I instruct you that not every push or shove, even if it may later seem unnecessary, violates the Constitution. Reasonableness must embody the fact that police officers are often forced to make split second judgments in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary[9].

In determining reasonableness, you should pay attention to the facts and circumstances of the case at the time the incident was occurring, including the following:

1. the severity of the crime at issue;

2. whether the suspect or other circumstances was an immediate threat to the safety of the officer or others;

3. whether he was actively resisting or attempting to evade arrest by flight or attempting to destroy or remove evidence;

4. the total circumstances of events surrounding the attempted arrest .[10]

If you find that plaintiff has proved by a preponderance of the evidence all three elements of his claim that Detective Leli and or Detective Wisley used excessive force, you should find for the plaintiff.

If you find that plaintiff has not proved any one of these elements with respect to Detective Leli and/or Detective Wisley, then you should find that they are not liable.

In evaluating the reasonableness of the force which was used, if any, you must remember that a police officer is not prohibited from using physical force. To the contrary, the Penal Law of the State of New York specifically provides as follows:

> ... A police officer or a peace officer, in the course of effecting or attempting to effect an arrest, or of preventing or attempting to prevent the escape from custody, of a person whom he reasonably believes to have committed an offense, may use physical force when and to the extent he reasonably believes such to be necessary to effect the arrest, or to prevent the escape from custody, or to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force...

Penal Law §35.30(1).

Whether the force used is constitutionally unreasonable depends upon the factual circumstances of the case. To determine whether the force used was unreasonable, you may also consider the following factors: the scope of the particular infraction; the manner in which it is conducted; the justification for initiating it; and the place in which it is conducted. Using these factors, you must determine whether it was objectively reasonable for a police officer in Det. Leli's and/or Det. Wisley's position, under the totality of the circumstances, to employ the force which he did in effecting plaintiff's arrest.[11]

If you find that Detective Leli and/or Detective Wisley were merely negligent, or merely acted with a lack of due care, or that you might not have used force in the same situation, there

can be no recovery for the plaintiff because negligence or lack of due care does not establish a constitutional deprivation, and the standard is not governed by your own personal preferences.

### **Damages**[12]

      The fact that I will instruct you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

      If you find in favor of the plaintiff, you may award him such damages as will compensate him for the injuries which you have found that he has received. In compensating the plaintiff for his injuries, you should consider the extent and permanency of the injuries and what would adequately compensate him for those injuries.

      If you find that any defendant is liable for the injuries suffered by plaintiff, then you must determine the amount of damages that plaintiff is entitled to recover. However, my charge to you on the issue of damages must not be taken as an indication that you should find in favor of plaintiff. Instructions as to the measure of damages are given for your guidance in the event you should find for the plaintiff.

      If you decide that plaintiff is entitled to a verdict, an award of damages must be reasonable. You may award plaintiff only such damages as will be reasonably compensate hin for such injury. You are not permitted to award speculative damages. You are not to include in

any verdict compensation for prospective loss which, although possible, is not reasonably certain to occur in the future.

You are not permitted to award any plaintiff any amount to compensate him for his legal fees in bringing this action. If any plaintiff is successful, that issue will be addressed by the Court, not by you.

The defendants may only be held liable for damages claimed to have been sustained during the period commencing <u>after</u> plaintiff's initial contact with Det. Leli and/or Det. Wisley.

In the event that you determine to award plaintiff a sum of money, regardless of what legal theory or theories such an award might be predicated upon, you are instructed that the award is not subject to any deductions for Federal or State income taxes.

## **Nominal Damages[13]**

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

In determining whether to award nominal damages, you should also consider that if you do make such an award, the plaintiff may then be able to recover a greater sum because he might then be entitled to a Court award reimbursing him for his reasonable attorney's fees. That award would be made by me after you have returned your verdict.

## Punitive Damages[14]

If you should find that an individual defendant is liable for the plaintiff's injuries, then you have the discretion to award, or not award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiff proves that an individual defendant acted not merely unreasonably, but maliciously or wantonly, or oppressively in violating the federally protected rights of the plaintiff.

The purpose of punitive damages is to punish an individual defendant for willful or malicious conduct and to deter others from similar behavior.

The awarding of punitive damages is within your discretion. You are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount. It must not reflect bias, prejudice, or sympathy toward any party.

# **AUTHORITIES**

1. 3 L. Sands, et al., Modern Federal Jury Instructions, #87-68

2. Sands, supra #87-69

3. Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2505, 65 L.Ed.2d 555 (1980); Martinez v. California, 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

4. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677, (1986), and Sands, supra #87-74

5. Sands, supra #87-79

6. Id. Note 4 and Sands, supra #87-75

7. Sands, supra #87-76

8. Sands, supra #87-77

9. Graham v. Connor, 109 S.Ct. 1865, Johnson v. Glick, 481 F.2d 1028 (2d Cir.), cert denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); Miller v. Lovett, 879 F.2d 1066 (1989).

10. Id. and, Sands, supra #87-74C

11. Based on Tennessee v. Garner, 471 U.S.1, 105 S.Ct. 1694, 85 L.Ed.2d (1985); Lester v. City of Chicago, 830 F.2d 706 (7th Cir. 1987); Gilmore v. City of Atlanta, 774 F.2d 1494 (11th Cir. 1985); Kidd v. O'Neil, 774 F.2d 1252 (4th Cir. 1985)

12. Sands, supra #87-87

13. Sands, supra #87-88

14. Sands, supra #87-92

Dated:  Hauppauge, New York  
       June 17, 2008

Yours, etc.  
Christine Malafi  
Suffolk County Attorney  
Attorney for Defendants  
Leli & Wisley  
H. Lee Dennison Building  
100 Veterans Memorial Highway  
P.O. Box 6100  
Hauppauge, New York 11788-0099

By: _____  
    Susan A. Flynn (5652)  
    Assistant County Attorney

To:  
The Law Offices of  
Michael P. Mangan LLC  
Attorneys for Plaintiff  
80 Wall Street, Suite 1214  
New York, NY 10005